UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEAD CREATION, INC.,

    Plaintiff,

v.                                                                                          Case No: 8:23-cv-49-CEH-CPT

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendant.

## ORDER

This matter is before the Court *sua sponte*. On January 6, 2023, Plaintiff Lead Creation, Inc., filed a Complaint for patent infringement (Doc. 1) and an *Ex Parte* Motion for Temporary Restraining Order (Doc. 2) against Defendants identified as "The Partnerships and Unincorporated Associations Identified on Schedule A." The Court, having reviewed the pleadings and being otherwise advised in the premises, will dismiss Plaintiff's Complaint as a shotgun pleading and grant Plaintiff the opportunity to amend. Because the Complaint is due to be dismissed, the *ex parte* motion for temporary restraining order will be denied without prejudice.

## DISCUSSION

Plaintiff, Lead Creation, Inc., alleges it is the owner of the right, title, and interest by assignment of the federally registered patent identified as U.S. Patent 7,530,706 ("patent-in-suit"), entitled LED lighting apparatus with fast changing focus.

Doc. 1 ¶¶ 13, 14. The claims of the patent-in-suit cover invention whereby when distance between the LED and the convex lens is changed, beam angle is concurrently changed so that the brightness for long distance is increased and illumination scope for short distance is increased without using a reflective cone. *Id.* ¶ 13. In support of its patent infringement claims against Defendants, Plaintiff files the Declaration of Brenitra Mosley, M.B.A., senior consulting engineer, registered patent practitioner, and founder of Novitas IP Consulting, LLC. Doc. 1-8. Plaintiff alleges that Defendants, through an internet-based e-commerce store, have advertised, promoted, offered for sale, and sold goods which infringe on Plaintiff's patent-in-suit.

Plaintiff seeks an order *ex parte* that requires Defendants to immediately cease making, using, offering for sale, selling, and importing any products not authorized by Plaintiff and that include any reproduction or imitation of the claims in the patent-in-suit. Doc. 2 at 21. Plaintiff further seeks an *ex parte* restraint of Defendants' assets to allow for an equitable accounting of Defendants' profits from sales of the alleged infringing products. *Id.* at 22. According to Plaintiff, without an immediate freeze of Defendants' assets, it is unlikely the funds will remain to satisfy any final order granting Plaintiff redress. *Id.* at 23. Plaintiff requests expedited discovery to determine bank and payment system accounts that Defendants use for their sales operations so that Defendants' accounts can be frozen. *Id.* at 24.

A. **Temporary Restraining Order**

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint

clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." A temporary restraining order "is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

Local Rule 6.01(a), Middle District of Florida, requires that a motion for a temporary restraining order include a precise and verified description of the conduct and the persons subject to restrain and explanation of the amount and form of the required security. *See* M.D. Fla. L.R.6.01(a). The motion must be accompanied by a proposed order and a legal memorandum that establishes the following:

(1) the likelihood that the movant ultimately will prevail on the merits of the claim,

(2) the irreparable nature of the threatened injury and the reason that notice is impractical,

(3) the harm that might result absent a restraining order, and

(4) the nature and extent of any public interest affected.

*Id.* at 6.01(b); *see also Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).

In considering a request for a temporary restraining order, the Court must first determine whether the movant is likely to prevail on the merits of the claim. Here, the Court is unable to make such a determination as to whether any of Plaintiff's claims

are meritorious because the Complaint is defective. Specifically, Plaintiff's Complaint is a shotgun pleading that is due to be dismissed.[1]

### B. Shotgun Pleading

"A complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading.'" *Lampkin-Asam v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (citation omitted). The Eleventh Circuit has identified four general types of shotgun pleadings. *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1322–23 (11th Cir. 2015). Relevant here, a complaint that contains "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint" constitutes a shotgun pleading. *Id.* at 1321. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* When faced with a shotgun pleading, a court should strike the complaint and instruct plaintiff to file a more definite statement. *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 984 (11th Cir. 2008) (collecting cases), *abrogated on*

---

[1] The Court further notes that there is a complete dearth of record support regarding the assignment of interests Plaintiff purportedly holds in the patent-in-suit. Other than the blanket statement that it possesses an assignment of interests in the patent-in-suit, Plaintiff does not attach a copy of the assignment or any document reflecting its ownership rights. The only document attached regarding the patent-in-suit does not mention Plaintiff. Docs. 1-3, 2-3. Given the extreme remedies requested by Plaintiff to freeze the assets of 20 individuals and/or businesses, the Court would have difficulty finding Plaintiff is likely to prevail on its claims in the absence of record evidence of Plaintiff's ownership of the patent-in-suit.

*other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Eleventh Circuit repeatedly condemns the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil dockets." *PVC Windows, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010). Shotgun pleadings require the district court to sift through allegations in an attempt to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources." *Id.* (citation omitted). Thus, the Eleventh Circuit has established that a shotgun pleading is an unacceptable form of establishing a claim for relief.

The Complaint here constitutes a shotgun pleading. Each of Plaintiff's counts incorporates all preceding paragraphs, including prior counts, resulting in the final count constituting a culmination of the entire Complaint. This form of pleading is exactly the type repeatedly condemned by the Eleventh Circuit. Therefore, the Court will dismiss the Complaint and grant Plaintiff leave to file an amended complaint which conforms with the Federal Rules of Civil Procedure and the Local Rules of the Middle District of Florida. In filing an amended complaint, Plaintiff shall ensure that it avoids shotgun pleading pitfalls and complies with applicable pleading requirements in the Federal and Local rules.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice** as a shotgun pleading.

2. Plaintiff is granted leave to file an amended complaint within **FOURTEEN (14) DAYS** from the date of this Order, which must correct the deficiencies discussed herein.

3. Failure to file an amended complaint within the time provided will result in the dismissal of this action without prejudice and without further notice.

4. Plaintiff's *Ex Parte* Motion for Temporary Restraining Order (Doc. 2) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Tampa, Florida on January 12, 2023.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of record
Unrepresented parties, if any