# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

LEAD CREATION INC.,

    Plaintiff,

v.                                                                                                  Case No: 8:23-cv-49-CEH-CPT

THE PARTNERSHIPS AND
UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE A,

    Defendants.
_____/

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court on the Plaintiff's *Ex Parte* Motion and Memorandum of Law for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery (Docs. 9, 9-1). In the motion, Plaintiff requests *ex parte* for entry of a temporary restraining order ("TRO"), including a temporary injunction against Defendants enjoining the manufacture, importation, distribution, offering for sale and sale of accused/infringing products, a temporary asset restraint, and expedited discovery in this action for patent infringement arising under 35 U.S.C. § 271. The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery.

I.  **FACTUAL BACKGROUND**[1]

Plaintiff, Lead Creation Inc., is the owner of the right, title, and interest by assignment of the federally registered patent identified as U.S. Patent 7,530,706 ("patent-in-suit"), entitled LED lighting apparatus with fast changing focus. Doc. 8 ¶ 1; Docs. 8-2; 8-3. The claims of the patent-in-suit cover an invention whereby when distance between the LED and the convex lens is changed, beam angle is concurrently changed so that the brightness for long distance is increased and illumination scope for short distance is increased without using a reflective cone. Doc. 8 ¶ 1. This is achieved by using a collar coaxially coupled to the main body; a convex lens coupled to the collar and optically coupled to the light-emitting diode in coaxially displaceable manner relative thereto, the convex lens defining a predetermined focal length, said convex lens being selectively displaceable between various ranges. *Id.* The claims of the patent-in-suit carry a presumption of validity under 35 U.S.C. § 282(a). In support of its patent infringement claims against Defendants, Plaintiff files the Declaration of Brenitra Mosley, M.B.A., senior consulting engineer, registered patent practitioner, and founder of Novitas IP Consulting, LLC. Doc. 8-8.

Defendants are individuals and business entities who own or operate e-commerce stores under the Seller Aliases identified on Schedule A to the Amended Complaint. Doc. 8 ¶ 3; Doc. 8-1. Plaintiff alleges that through Amazon, Defendants have advertised, promoted, offered for sale, and sold goods which infringe on

---

[1] The Background is based on the facts as alleged in Plaintiff's Motion (Doc. 9), including the attached exhibits, as well as the verified Amended Complaint (Doc. 8) and its attachments.

2

Plaintiff's patent-in-suit. Doc. 8 ¶¶ 8, 9. In support of its claims of infringement, Plaintiff submits the declaration of engineer and patent practitioner, Brenitra Mosley, M.B.A., who has analyzed the patented LED flashlight and the alleged infringing products and prepared a comparison chart identifying how Defendants' products infringe the patent-in-suit. Doc. 8-8.

Mosely opines that the Defendants' devices appear to infringe the patent-in-suit. Doc. 8-8 at 4. Mosely compares the products from each of the Defendant sellers to each limitation of Claim 1 to show direct infringement. Specifically, Mosely makes the following findings and conclusions: The seller YXQUA offers for sale on a U.S. Amazon market page a USB Rechargeable Flashlight that directly infringes on the patent-in-suit. Doc. 8-8 at 4–12. The seller JARDLITE offers for sale on a U.S. Amazon market page an LED Emergency Handheld Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 13–19. The seller Esgofo offers for sale on a U.S. Amazon market page a Rechargeable LED Flashlight High Lumens that directly infringes the patent-in-suit. Doc. 8-8 at 4, 20–24. The seller VIBELITE offers for sale on a U.S. Amazon market page an LED Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 25–30. The seller Whaply[2] offers for sale on a U.S. Amazon market page an LED Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 31–35. The seller BINWO offers for sale on a U.S. Amazon market page an LED Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 35–41. The

---

[2] On Schedule A, the Seller Alias is listed as "Warply" not "Whaply," but the store URL matches to that referenced in Mosely's report. *Compare* Doc. 8-1 at 3, *with* Doc. 8-8 at 31.

seller GaiGailMall offers for sale on a U.S. Amazon market page a Blue Light Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 41–47. The seller CraBow offers for sale on a U.S. Amazon market page a Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 47–54. The seller UltraFireUS offers for sale on a U.S. Amazon market page an IR Illuminator Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 54–60. The seller WAYLLSHINE offers for sale on a U.S. Amazon market page a One Mode Red Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 60–65. The seller KISCHERS offers for sale on a U.S. Amazon market page an LED Flashlights Kit with Holster that directly infringes the patent-in-suit. Doc. 8-8 at 4, 65–71. The seller AuKvi offers for sale on a U.S. Amazon market page a Powerful Red LED Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 71–77. The seller Wsky offers for sale on a U.S. Amazon market page an LED Tactical flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 77–82. The seller SouyosDirect offers for sale on a U.S. Amazon market page an IR Illuminator Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 82–87. The seller UPANTECH offers for sale on a U.S. Amazon market page a Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 87–91. The seller BYBLIGHT offers for sale on a U.S. Amazon market page a Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 91–98. The seller MODOAO offers for sale on a U.S. Amazon market page an Ultra-Fright Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 98–104. The seller PROFORUS offers for sale on a U.S. Amazon market page a UV Flashlights Rechargeable that directly

infringes the patent-in-suit. Doc. 8-8 at 4, 104–111. The seller TotalLohan offers for sale on a U.S. Amazon market page a Military Grade 2000 Lumen 5 Mode LED Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 111–117. The seller Decaker[3] offers for sale on a U.S. Amazon market page a PRO Tactical Flashlight that directly infringes the patent-in-suit. Doc. 8-8 at 4, 118–124. Based on Mosley's analysis and assessment, Plaintiff alleges there is literal infringement. Doc. 8 ¶ 21.

Plaintiff alleges it has suffered irreparable injury including loss of value of Plaintiff's business market share, goodwill, and reputation, as a result of the Defendants' wrongful conduct. Doc. 8 ¶ 24.

Plaintiff moves for a temporary restraining order against Defendants seeking to enjoin Defendants from the manufacture, importation, distribution, offering for sale, and sale of infringing products. Doc. 9. Plaintiff also seeks a temporary asset restraint and expedited discovery. *Id.*

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 65(b)(1) authorizes the court to issue a temporary restraining order where "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it

---

[3] On Schedule A, the last Seller Alias is listed as "CGB123," but the store URL matches to that referenced in Mosely's report. *Compare* Doc. 8-1 at 6, *with* Doc. 8-8 at 118.

should not be required." A temporary restraining order "is an extraordinary remedy to be granted only under exceptional circumstances." *Cheng Ke Chen v. Holder*, 783 F. Supp. 2d 1183, 1186 (N.D. Ala. 2011) (citing *Sampson v. Murray*, 415 U.S. 61 (1974)).

Local Rule 6.01(a), Middle District of Florida, requires that a motion for a temporary restraining order include a precise and verified description of the conduct and the persons subject to restraint and an explanation of the amount and form of the required security. *See* M.D. Fla. L.R.6.01(a). The motion must be accompanied by a proposed order and a legal memorandum that establishes the following:

(1) the likelihood that the movant ultimately will prevail on the merits of the claim,

(2) the irreparable nature of the threatened injury and the reason that notice is impractical,

(3) the harm that might result absent a restraining order, and

(4) the nature and extent of any public interest affected.

*Id.* at 6.01(b); *see also Dimare Ruskin, Inc. v. Del Campo Fresh, Inc.*, No. 8:10-cv-1332-SDM-AEP, 2010 WL 2465158, at *1 (M.D. Fla. June 15, 2010) (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003)).

### III. DISCUSSION

Pursuant to 35 U.S.C. § 283, a district court may "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." After reviewing Plaintiff's Motion, the declaration of Plaintiff's expert, and the accompanying record, the Court finds the Plaintiff's motion for TRO is due to be granted as set forth below.

### A. Jurisdiction

Plaintiff has demonstrated a *prima facie* showing that this Court has personal jurisdiction over the Defendants, who are alleged to be residing or operating in the People's Republic of China, because the Defendants directly target their business activities toward consumers in the United States, including Florida. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Florida residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Florida, accept payment in U.S. dollars and have sold the same product that infringes directly and/or indirectly Plaintiff's patent-in-suit to residents of Florida.

### B. Joinder

Given the Court's concerns regarding joinder of the 20 Defendants identified in Schedule A to the Amended Complaint, the Court directed Plaintiff to supplement its motion to address the issue of joinder. Doc. 12. In response, Plaintiff represents that joinder is proper under the Leahy-Smith America Invents Act (AIA), 35 U.S.C. § 299. Doc. 13. In pertinent part, the AIA provides that accused infringers in patent actions may be joined in one action only if:

> (1) any right to relief is asserted against the parties jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences relating to the making, using, importing into the United States, offering for sale, or selling of the same accused product or process; and
> (2) questions of fact common to all defendants or counterclaim defendants will arise in the action.

7

35 U.S.C. § 299(a). Plaintiff represents that this provision of the AIA has been satisfied because it has pleaded that the Defendants are jointly and severally liable. The facts that Plaintiff relies upon to show Defendants are working in the same manner are that they sell the same type of infringing products (flashlight with convex lens), using the same e-commerce platform (Amazon), the infringing products are likely sourced from the same manufacturer, Defendants jointly seek to exploit lax e-commerce platforms, and they actively seek to hide their identities. As to the second factor, Plaintiff represents that the convex lens for all of the infringing products is the same satisfying the requirement of common questions of fact as to all Defendants. At this stage of the litigation, Plaintiff has adequately alleged the requirements for joinder under § 299(a).

      C.      **Likelihood of Prevailing on the Merits**

Turning to the merits of the claim for patent infringement, the Court finds that Plaintiff is likely to prevail on the merits of its claims. The United States Patent Act provides that "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). Plaintiff has presented evidence that it is the lawful assignee of all right, title and interest in and to the patent-in-suit. Doc. 8-3. Plaintiff has submitted extensive evidence that Defendants make, use, offer for sale, sell and/or import into the United States for sale the same product that infringes directly or indirectly the claims of the patent-in-suit. Docs. 8-1, 8-5, 8-8. Plaintiff represents that it has not authorized Defendants to use the patent-in-suit.

"To demonstrate a likelihood of success on the merits of its patent infringement claim, Plaintiff[] must show that [it] will likely prove Defendants infringed on the patent[in-suit] and that the . . . patent is valid and enforceable." *Hako-Med USA, Inc. v. Axiom Worldwide, Inc.*, No. 8:06-cv-1790-VMC-EAJ, 2006 WL 3755331, at *4 (M.D. Fla. Nov. 15, 2006), *report and recommendation adopted as modified*, No. 8:06-cv-1790-VMC-EAJ, 2006 WL 3760416 (M.D. Fla. Dec. 19, 2006) (citing *Amazon.com, Inc. v. BarnesandNoble.com, Inc.*, 239 F.3d 1343, 1350 (Fed. Cir. 2001). Under 35 U.S.C. § 282(a), "[a] patent shall be presumed valid."

Regarding the infringement analysis, two steps are required: "(1) construction of the claims to determine the scope and meaning of the asserted claims; and (2) comparison of the properly construed claims with the allegedly infringing device." P.*N.A. Const. Techs., Inc. v. McTech Grp., Inc.*, 414 F. Supp. 2d 1228, 1235 (N.D. Ga. 2006) (quoting *Deering Precision Instruments, L.L.C. v. Vector Distrib. Sys., Inc.*, 347 F.3d 1314, 1321 (Fed. Cir. 2003)). Here, Plaintiff provides the Mosely report which describes the Plaintiff's patent and provides a claims comparison chart demonstrating that the accused products sold by Defendants substantially infringe Claim 1 of the patent-in-suit. Doc. 8-8. Thus, Plaintiff has a strong probability of proving at trial that the patent-in-suit is valid and enforceable and that Defendants infringed the patent-in-suit.

### D. Irreparable Harm and the Reason Notice is Impractical

"To establish irreparable harm, the movant must show that the injury is immediate and is not compensable by monetary damages." *Tiber Lab'ys, LLC v. Hawthorn Pharms., Inc.*, 527 F. Supp. 2d 1373, 1378 (N.D. Ga. 2007). Plaintiff identifies three forms of irreparable harm it has suffered, including loss of control over its intellectual property rights, loss of consumer goodwill, and interference with Plaintiff's ability to exploit the patent-in-suit. The harm is immediate as Defendants continue to import and sell infringing products into the United States. Plaintiff has established it will suffer irreparable harm if a temporary restraining order does not issue.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Declaration of Ms. Mosley and memorandum in support of the Motion for Temporary Restraining Order and accompanying evidence showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an *ex parte* Order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to off-shore accounts. As other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party. *See Matter of Vuitton et Fils S.A.*, 606 F.2d 1, 5 (2d Cir. 1979) ("notice all too often appears to serve only to render fruitless further prosecution of the action"); *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1077 (N.D. Ill. 1996) ("proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the

infringers before temporary injunctive . . . relief can be granted"). However, "[t]o support an *ex parte* seizure motion, the plaintiff may not rely on bare assertions that the defendant, if given notice, would destroy relevant evidence. . . . Rather, the plaintiff must show that [the] defendant[], or persons involved in similar activities, had . . . concealed evidence or disregarded court orders in the past." *AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1319 (11th Cir. 2004) (citations and internal quotation marks omitted). Here, Plaintiff has proffered the declaration of its expert Brenitra Mosley who attests that within two weeks of beginning her analysis, six of the sellers changed their names. Doc. 8-8 at 2. Additionally, Plaintiff demonstrates that Defendants use fake addresses to avoid detection. Doc. 8-4. Thus, Plaintiff has shown Defendants' propensity to conceal their identity and whereabouts to support issuance of the TRO without notice.

### E. Balance of Harm

The balance of potential harm to the Defendants in restraining their sales of infringing goods if a temporary restraining order is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and its goodwill as the owner of all rights and interest to the patent-in-suit.

### F. Public Interest

The public interest favors issuance of a temporary restraining order to protect the Plaintiff's rights and interest in the patent-in-suit, to encourage respect for the law, to facilitate the invention and development of innovative products and to protect the public from being defrauded by the illegal sale of infringing goods.

### G.  Restraint of Assets and Expedited Discovery

Given the likelihood that Defendants have violated federal patent law and Defendants' efforts to conceal their true identities, the Court finds that the Defendants may hide or transfer any ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

### H.  Security

Federal Rule of Civil Procedure 65(c) and Middle District of Florida Local Rule 6.01(a)(3) require the posting of security for a TRO. Plaintiff has proposed security in the form of $1,000.00 cash or surety bond deposited with the Clerk of Court. The Court finds this amount to be inadequate for the payment of damages for a wrongful restraint hereunder involving 20 Defendants. Therefore, the Court will require the posting of security in the amount of $10,000.00 cash or surety bond deposited with the Clerk of Court. In the Court's discretion, the bond may be subject to increase should an application be made in the interest of justice.

Having determined that Plaintiff has satisfied the requirements for issuance of a TRO under Fed. R. Civ. P. 65(b) and Middle District of Florida Local Rule 6.01, it is hereby

**ORDERED:**

1. Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order, including a Temporary Injunction, a Temporary Asset Restraint, and Expedited Discovery (Doc. 9) is **GRANTED**.

2. Defendants, their officers, agents, servants, employees, attorneys and all persons acting for, with, by, through, under or in active concert with them are temporarily enjoined and restrained from offering for sale, selling, and importing any products not authorized by Plaintiff and that infringe any of the claims in the Patent-in-suit.

3. Upon Plaintiff's request, any third party with actual notice of this Order who is providing services for any of the Defendants or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as eBay, Inc. ("eBay"), AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), Amazon.com, Inc. ("Amazon"), and Dhgate (collectively, the "Third Party Providers") shall, within ten (10) business days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents in such person's or entity's possession or control sufficient to determine:

a) the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c) any financial accounts owned or controlled by Defendants, including their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal Inc. ("PayPal"), eBay, Alipay, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, Wish.com or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including Third Party Providers as defined in Paragraph 2, shall within ten (10) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's Patent.

5. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

6. Any Third Party Providers, including PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, shall, within ten (10) business days of receipt of this Order: a. locate all accounts and funds connected to Defendants' Seller Aliases and Online Marketplaces, including, but not limited to, any financial accounts and the email addresses connected to the information listed in Schedule A hereto and any email addresses provided for Defendants by third parties; and restrain and enjoin any

such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

7. Plaintiff is authorized to issue expedited written discovery, pursuant to Federal Rules of Civil Procedure 33, 34 and 36, related to:

a) the identities and locations of Defendants, their agents, servants, employees, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated email addresses;

b) the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c) any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, eBay, Alipay, Alibaba, Ant Financial, Wish.com, and Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

8. Plaintiff may provide notice of these proceedings to Defendants, including notice of the preliminary injunction hearing, service of process pursuant to Fed. R.

Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order and other relevant documents on a website and by sending an e-mail to the e-mail addresses identified in Schedule-A and any email addresses provided for Defendants by third parties that includes a link to said website.

9. The Clerk of the Court is directed to issue a single original summons in the name of "The Partnerships and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

10. Within seven (7) calendar days of entry of this Order, Plaintiff shall deposit in the Court Registry **ten thousand dollars (USD $10,000.00)**, either cash or surety bond, as security, which amount is determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11. Any Defendant or other person that is subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and Middle District of Florida Local Rules.

12. This Temporary Restraining Order without notice shall remain in effect for **FOURTEEN (14) days** from the date of entry of this Order and expires on **February 28, 2023, at 10:00 A.M.**

13. A hearing is set before United States District Judge Charlene Edwards Honeywell on **February 24, 2023 at 2:00 P.M**. in the Sam Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, 33602, in Courtroom 13A, at which time the Defendants and/or any other affected persons may challenge the appropriateness of this Order and move to dissolve the same and at which time the Court will hear argument on the Plaintiff's requested preliminary injunction. The Court has reserved one (1) hour for the hearing. The Defendants are hereby on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction against them pursuant to 35 U.S.C. § 283, Fed. R. Civ. P. 65, and this Court's inherent authority.

**DONE AND ORDERED** in Tampa, Florida on February 14, 2023, at 10:00 A.M.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record